# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*
_____

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

---

A pre-motion conference will be held on September 13, 2018, at 11:30 a.m. Plaintiff is directed to respond by 5:00 pm Thursday, September 13, 2018.

SO ORDERED.

_____
Edgardo Ramos, U.S.D.J
Dated: 8/29/2018
New York, New York

---

August 27, 2018

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: 8/29/2018

By ECF

The Honorable Edgardo Ramos,
    United States District Court for the
        Southern District of New York,
            40 Foley Square,
                New York, New York  10007.

    Re: *Christopher Rollins* v. *Goldman Sachs & Co. LLC, et al.*,
       No. 18-cv-7162 (ER) (GWG)

Dear Judge Ramos:

  We represent Defendants The Goldman Sachs Group, Inc., Goldman Sachs & Co. LLC, Goldman Sachs International, Goldman Sachs Services Limited and James P. Esposito in this action, filed August 9, 2018. I write pursuant to Rule 2.A.ii of the Court's Individual Practices, to request a pre-motion conference concerning Defendants' anticipated motion for a stay pending arbitration of Plaintiff's claims pursuant to the Federal Arbitration Act (9 U.S.C. § 3) and the Court's inherent authority, or, in the alternative, to dismiss any claims that are not stayed under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

  Plaintiff Christopher Rollins ("Rollins") was a United Kingdom-based Managing Director employed within The Goldman Sachs Group, Inc. who was discharged after an internal investigation in the United Kingdom concerning his conduct and a hearing under United Kingdom employment law procedures. In a decision dated November 7, 2016, the hearing officer, Defendant Esposito, found that Rollins had engaged in misconduct warranting termination, concluding that he had made "a number of very serious errors of judgment." (Exhibit A, referred to in the Complaint at ¶ 82.) Rollins' employment ended effective February 5, 2017.

  In connection with becoming a Managing Director of the firm in January 2011, Rollins entered into an arbitration agreement (Exhibit B at 2–10), the terms of which have been enforced by the Second Circuit in *Parisi* v. *Goldman, Sachs & Co.*, 710 F.3d 483 (2d Cir. 2013). The current action is a misplaced attempt by Rollins to involve United States courts in an arbitrable dispute centered on events abroad. Plaintiff alleges that *after* the investigation in the United Kingdom into his misconduct began, he

The Honorable Edgardo Ramos                                                                                              -2-

"reported" concerns internally and tries to recast himself belatedly as a whistleblower.[1] (Compl. ¶¶ 57–92.) He also attempts to transform a dispute about his termination in the United Kingdom pursuant to United Kingdom procedures into a United States matter by including cursory and insubstantial allegations about activities allegedly touching New York or Boston. (Compl. ¶¶ 8, 36–37, 57.) And finally, in an attempt to skirt his arbitration obligation, Plaintiff attempts to create a claim under the Dodd Frank Act's CFTC retaliation provision by including a single, baseless assertion that one trading account was "intended" to trade in CFTC-regulated products and accordingly required funding, but he acknowledges it was never actually funded, never in fact traded CFTC-regulated products, and was closed soon after being opened. (Compl. ¶ 101 and n.4.)

This dispute should be resolved in the arbitration forum which Rollins agreed to employ. Rollins asserts four claims: 1) Dodd Frank Act whistleblower retaliation claims under the Securities and Exchange Act of 1934 (the "SEC claim"); 2) Dodd Frank Act claims under the Commodity Exchange Act (the "CFTC claim"); 3) fraudulent inducement; and 4) defamation. The SEC claim and common law claims are indisputably arbitrable, based on decisions by judges of this Court. Although well-pleaded Dodd Frank CFTC claims may not be subject to compulsory arbitration, and although Plaintiff's CFTC claim is dismissible on its face as discussed in Section II below, Defendants request for efficiency that that claim too be stayed pending arbitration of Plaintiff's other claims. Alternatively, all claims not stayed should be dismissed.

I.      **This Action Should Be Stayed Pending Arbitration.**

The agreement that Rollins executed upon becoming a Managing Director in 2011 includes an arbitration commitment that has previously been reviewed and enforced by the Second Circuit in *Parisi* v. *Goldman, Sachs, supra.* (Exhibit B at 5–6.)

Rollins' common law fraudulent inducement and defamation claims are plainly arbitrable. *See, e.g.*, *Ralph Lauren Corp.* v. *U.S. Polo Ass'n, Inc.*, 2014 WL 4377852, at *6 (S.D.N.Y. Sept. 4, 2014); *Barr* v. *Sullivan*, 2009 WL 4030826, at *2 (S.D.N.Y. Nov. 20, 2009). His SEC whistleblower claim, similarly, is arbitrable. *See Daly* v. *Citigroup Inc.*, 2018 WL 741414, at *4 (S.D.N.Y. Feb. 6, 2018); *Murray* v. *UBS Secs., LLC*, 2014 WL 285093, at *9–11 (S.D.N.Y. Jan. 27, 2014).

Although the Commodity Exchange Act provides that CFTC whistleblower complaints are not subject to mandatory arbitration, a stay pending arbitration of the entire action is warranted here. Because there is significant factual overlap among the claims, the arbitration will likely have a significant if not preclusive

---

[1] He also alleges that he made reports to the Securities Exchange Commission the ("SEC") and Commodity Futures Trading Commission (the "CFTC") but does not give the dates (Compl. ¶¶ 18, 100, 115), a pleading failure which, as discussed below, is fatal to his Dodd Frank Act claims.

The Honorable Edgardo Ramos                                                                    -3-

effect over the CFTC claim and thus the interests of fairness and judicial economy are best served by a stay. *Winter Inv'rs, LLC v. Panzer*, 2015 WL 5052563, at *11–12 (S.D.N.Y. Aug. 27, 2015).

**II.     The Complaint Should Be Dismissed.**

In the event the Court were to decline a stay of some or all of the claims pending arbitration, Defendants alternatively would move to dismiss the non-stayed claims. Grounds for dismissal include the following.[2]

*First*, the Dodd Frank claims are subject to dismissal because the Complaint does not allege *when* Rollins supposedly reported to the CFTC or the SEC; accordingly, Rollins has not adequately pleaded that he was a "whistleblower" at the time of the alleged retaliation. *See Digital Realty Trust v. Somers*, 138 S. Ct. 767, 778 (2018).

*Second*, the Complaint is centered on events occurring abroad and the Second Circuit has held that the Dodd Frank Act whistleblower provisions do not apply extraterritorially. *See Liu v. Siemens AG*, 763 F.3d 175, 183 (2d Cir. 2014). And, should the Court dismiss Rollins' federal claims, it should decline to exercise supplemental jurisdiction over his common law claims. *See Mohan v. City of New York*, 2018 WL 3711821, at *17 (S.D.N.Y. Aug. 3, 2018).

*Third*, the Dodd Frank Act SEC and CFTC whistleblower provisions limit liability to "employers" and as the Complaint describes, at the time of his discharge Rollins was employed by Goldman Sachs International, not the other defendants who thus cannot be made parties to those claims. *Compare* 7 U.S.C. § 26(h)(1)(A) *and* 15 U.S.C. § 78u-6(h)(1)(A), *with* 18 U.S.C. § 1514A(a)(1).

*Finally*, as to the CFTC claim, by failing to allege when he reported to the CFTC or to allege any facts suggesting that any individual who allegedly took retaliatory action against him was aware of the purported report, Rollins has failed to plead that he was retaliated against "because of" his alleged report to the CFTC, which is a requisite under the Commodity Exchange Act. 7 U.S.C. § 26(h)(1)(A).

We thank the Court for its attention.

Respectfully submitted,

Theodore O. Rogers, Jr.

---

[2] A stay would also obviate the need to delve into the Court's potential lack of personal jurisdiction as to a number of the defendants. *See Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 87 (2d Cir. 2018). Without waiving this defense, we note the Court would not need to reach this question in light of the threshold issues warranting a stay.

The Honorable Edgardo Ramos -4-

cc: Matthew J. Press, Esq. (By ECF)
(Law Office of Matthew J. Press)

Seth Eric Redniss, Esq. (By ECF)
(Redniss & Associates, LLC)